A. Franklin Mahoney, J.
The plaintiff seeks an order dismissing defendant’s counterclaim, set forth in paragraphs fourteenth and fifteenth of the answer, for failure to state a cause of action.
A reading of the allegations of the counterclaim reveals it is predicated on the Dole v. Dow Chem. Co. (30 N Y 2d 143) principle of indemnification and/or contribution based on comparative negligence between or among joint tort-feasors. In the manner in which the counterclaim is pled against the mother and guardian of the infant plaintiff, it could easily survive the reasons assigned for its demise in the moving papers. However, since the motion papers were drawn and served prior to the Appellate Division, Third Department, decision in Holodook v. Spencer (43 A D 2d 129), wherein, by a divided court, it was determined that a parent is not liable in tort to his child where the child is injured as a result of lack of supervision, the motion at bar must be decided in the light of that case. The facts are as follows.
The infant plaintiff, 16 years of age, and another youngster, 14 years old, went hunting on October 23, 1972. Neither boy was licensed. The shotgun, in the possession of Ronald Le Hare, son of the defendant, was discharged and wounded the infant plaintiff.
The second cause of action of the complaint alleges that the defendant “ negligently allowed her son, Ronald Le Hare, to use a shotgun, knowing or negligently failing to know that: (a) he was not adequately trained, (b) he was incompetent to use firearms, and (c) in allowing her son * * * to hunt without competent supervision. ’ ’ The defendant parent, by her counterclaim, alleges that the plaintiff parent also failed to exercise the requisite supervision of her son and, thereby, should respond, in damage to the extent that such failure contributed to the accident and resultant injury to her son.
*59 However, Holodook v. Spencer, supra, has determined that since there is no cause of action in favor of a child, because of lack of parental supervision, and no duty owed by the parents to potential tort-feasors, there can be no basis for a Dole v. Dow counterclaim. But, before the court grants an a fortiori dismissal of the counterclaim, attention must be given to those instances, as herein, where some statute prescribes certain conduct by parents, with respect to their children, under certain circumstances.
Section 11-0929 of the Environmental Conservation Law provides as follows: “1. A licensee between the ages of fourteen and sixteen years shall not hunt wildlife with a gun or longbow unless he is accompanied by his parent or legal guardian who holds a hunting or combined hunting and fishing license, or a person over twenty-one years of age, designated in writing or by his parent or legal guardian, holding such license. ”
Does this statute, under the given factual situation, create a tort, when none exists at common law, between parent and child, and does its violation give rise to an action in favor of the child against his parent? In my view, the cited statute does not create a tort and, thereby, a duty running from the parent to the child. Accordingly, if under facts invoking section 11-0929 of the Environmental Conservation Law, a child was injured, he could not maintain an action against his parent.
Does, however, the statute prescribe a duty on the part of the parent in favor of a stranger to the familial relationship and, if it does, does the omission of the exercise of that duty by the parent remove the factual situation herein from that area of inquiry so carefully fashioned by Justice Greenblott in HolodooTci The question resolved negatively in HolodooTc was framed by Justice Greenblott as follows: “is a parent liable in tort, when a child is injured as a result of a failure of supervision where there has been no act or omission which would have given rise to liability had the injured party been a stranger? ” If we conclude that the parental failure, either directly, or vicariously by written designation of a licensed parental surrogate, to supervise her teen-age son while hunting, creates a tort in favor of a stranger, how do we balance that conclusion with the statement in Holodook (supra, p. 137) that, ‘1 Certainly parents owe no duty to the world at large to £ prevent ’ tort-feasors from injuring their children, and in absence of a breach of a legal duty to either the plaintiff or the defendant, no Dole claim can be interposed ”? The conclusion and statement cannot be balanced or reconciled because in the case at bar there *60 is a statutory duty imposed on parents for the benefit • of strangers to the family. This statutory imposition of a parental duty to strangers, in those instances of 14- and 15-year-old children hunting while unsupervised, does not, however, breach the pattern enunciated in Holodook that no cause of action exists in favor of a child against his parent because of lack of supervision when the parent owes no duty to his child or to strangers. The import of the ‘ ‘ legal duty to strangers ’ ’ employed in Holodook is twofold. First, the court speaks of the absence of a parental duty ‘ ‘ to the world at large to ‘ prevent ’ tortfeasors from injuring their children ’ and, second, parental refraining from an act or omission which would give rise to liability if the injured party were a stranger. Clearly, no -one can quarrel with the proposition that a parent has no duty to third parties to prevent injuries to his children. It might be argued, however, that since failure to supervise a 14-year-old hunter, who negligently caused injury to a stranger, is an “omission” that creates liability toward the injured party and a fortiori, towards the parent’s child and, consequently, such conduct does breach the conditions of Holodook and thereby create a situation that should sustain a Dole v. Dow counterclaim or third-party action. This argument, in my view, must be rejected. The subject statute did not impose a parental duty for the benefit of the children of the family, but, rather, imposed a duty on the parent for the benefit of third parties. If the defendant’s son had been injured, by reason of the plaintiff’s omission to discharge the statutory duty of supervision of her child while hunting, the defendant would have an action against the plaintiff. But in the absence of any injury to the defendant infant, proximately caused by plaintiff’s omission, there is not only no action against plaintiff but she cannot be made a party defendant for purpose of contribution by a Bole counterclaim because she is not a tort-feasor.
Bole mandates contribution between tort-feasors who, in whatever degree, caused injury. Where, as herein, one who is sought to be named a participating or contributing defendant, committed an act in contravention of a statutory duty, but said act did not proximately cause an injury, then that individual is not a tort-feasor and the Bole principle, as to that person, is inoperative.
The counterclaim is dismissed.